IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| ANTHONY THOMASON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID VARANO, et al. | : | No.  14-4039 |

## <u>MEMORANDUM ORDER</u>

**DITTER, J.**                                                    **November 2, 2016**

Upon consideration of the *pro se* petition for a writ of *habeas corpus*, the

Commonwealth's Response, the Report and Recommendation of United States Magistrate

Judge Henry S. Perkin, Petitioner's counseled objections, and *de novo* review of the

record, I make the following findings and reach the following conclusions:

1.    Petitioner Anthony Thomason filed a *pro se* petition for writ of *habeas corpus* on June 30, 2014, attacking his 2006 conviction for first degree murder.  On July 11, 2016, Judge Perkin issued a Report and Recommendation concluding that Thomason's petition should be dismissed and denied because his claims were procedurally defaulted and/or meritless. Now represented by counsel, Thomason has filed objections. arguing that he is entitled to a new trial because he was not represented by counsel of his choice at trial in violation of the Sixth Amendment, *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006), and that Judge Perkin erred in concluding this claim was procedurally defaulted.  He also contends that Judge Perkin erred in finding no merit to his claims of ineffective assistance of trial counsel.

2.    I write primarily to address Thomason's objection regarding Judge Perkin's conclusion that his choice of counsel claim was procedurally defaulted.[1]  A

---

[1] This claim is based on the fact that Thompson retained Kathleen Martin, Esquire, as his attorney, but that he had in fact been represented by Attorney Martin's husband and law partner, Robert J. Levant, Esquire.  In his objections, Thomason argues that Judge Perkin found his Sixth

federal court, absent unusual circumstances, should not entertain a petition for writ of *habeas corpus* unless the petitioner has first satisfied the exhaustion requirement of 28 U.S.C. § 2254. A petitioner typically exhausts his federal claims by fairly presenting each claim at each stage of the state's established review process. *Villot v. Varner*, 373 F.3d 327, 337 (3d Cir. 2004). On collateral appeal pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. § 9541, *et seq.*, the Pennsylvania Superior Court declined to hear Thomason's claim that he was denied counsel of choice after concluding that Thomason had waived the claim by failing to present it on direct appeal.[2]  *See* 42 Pa. C.S.A. §

---

Amendment claim "somehow defaulted" under *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003). *See* Obj. to R&R, at 6-9. *Bomar* held that there was an exception to the general rule in Pennsylvania requiring a defendant to wait until collateral review to raise claims of ineffective assistance of trial counsel. In lodging this objection, Thomason appears to conflate the legal theory between his Sixth Amendment claim and subsequent claims of ineffective assistance of counsel which Judge Perkin found defaulted under *Bomar*. *See* R&R, at 20-22. Because Thomason did not present his Sixth Amendment claim as a layered claim of ineffective assistance of counsel, Judge Perkin concluded the claim was procedurally defaulted under the general rule of waiver found at Pa. Cons. Stat. § 9544(b). Thus, although analysis of *Bomar* is relevant to the subsequent "cause and prejudice" discussion, *infra*, is did not provide the basis for Judge Perkin's conclusion that the claim was procedurally defaulted.

[2] In reviewing this claim, the PCRA court stated:

[Thompson] first informed this Court that he was not represented by counsel of his choice at the sentencing hearing in this matter, held on March 27, 2006, and at no time subsequent to sentencing has [Thompson] raised this issue in a post-sentence motion. As [Thompson] had ample time and opportunity to raise this issue "before trial, at trial, during unitary review, on appeal, or in a prior post-conviction proceeding," this issue should be deemed waived.

*Commonwealth v. Thomason*, No. CP-51-CR-0500321-2004 (PCRA Ct. June 2, 2012). The Pennsylvania Superior Court went on to state:

The record of the sentencing hearing confirms that [Thompson] expressed his dissatisfaction with the fact that Attorney Levant represented him at trial instead of Attorney Martin. *See* N.T. Sentencing Hearing, 3/27/06, at 8. The court informed [Thompson] that he could raise the issue on appeal, yet [Thompson] failed to do so. *See id.* Consequently, we agree with the PCRA court that [Thompson] has waived the contention that his constitutional right to counsel was violated.

9544(b).

3.	By failing to satisfy Pennsylvania's state procedural rules, Thomason forfeited his right to appellate consideration of his claim in the state courts. *Sistrunk v. Vaughn*, 96 F.3d 666, 674 (3d Cir. 1996). Because the state court's finding of waiver is based on an established state rule of law independent of the his federal claim and adequate to support the refusal, federal *habeas* review is barred absent a finding of "cause and prejudice" for the procedural default or demonstration that a "miscarriage of justice" will occur absent review. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Sistrunk*, 96 F.3d at 673; *Hubbard v. Pinchak*, 378 F.3d 333, 338 (3d Cir. 2004). The Supreme Court has delineated what constitutes "cause" for the procedural default: the petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Werts v. Vaughn,* 228 F.3d 178, 192-93 (3d Cir. 2000) (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). With regard to the prejudice requirement, the *habeas* petitioner must prove "'not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 193 (citing *Carrier*, 477 U.S. at 494). This standard essentially requires the petitioner to show he was denied "fundamental fairness" at trial. *Id.*

4.	Thomason argued on PCRA appeal that his default was due to counsel's failure to present his Sixth Amendment choice of counsel claim on direct appeal; however, the Pennsylvania Superior Court denied this claim on the grounds that Thompson failed to adequately develop it. *Commonwealth v. Thomason*, No. 3236 EDA 2011, at 3-5 (Pa. Super. Dec. 20, 2013) (Thomason "baldly asserts that Attorney Levant was unprepared for trial and 'never saw [Thomason] prior to trial.' . . . However, he does not elaborate on how Attorney Levant's conduct prejudiced him"). Because Thomason failed to properly present his claim of ineffective assistance of

---

*Commonwealth v. Thomason*, No. 3236 EDA 2011, at 4 (Pa. Super. Dec. 20, 2013). Surely, Thomason knew the attorney he hired was not the attorney who appeared each day at trial. He could have and should have objected at that time. However, he waited until the outcome of trial was against him to complain to the court - when the court was unable to do anything about it. Nevertheless, the court advised him to raise the issue on appeal, not as an ineffective assistance of counsel claim, but as a denial of his choice of counsel. He failed to do so. This claim is waived.

direct appellate counsel to the Pennsylvania state court, it cannot be used to establish "cause" for his default of the claim. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).

5.      Thomason also argues that ineffective assistance of PCRA counsel can be a basis upon which to establish cause in order to excuse his procedural default. *Martinez v. Ryan*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). As Judge Perkin pointed out, however, Thomason's reliance on *Martinez* is misplaced. In general, the Constitution does not dictate a standard of attorney effectiveness in a post-conviction, collateral attack. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). While the Supreme Court held that certain deficiencies in representation on collateral appeal may provide the opportunity for *habeas* review in the context of procedural default, this case does not set forth the criteria to establish cause on these grounds. In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.* at 1320. In Thomason's case, *Martinez* does not apply because at the time of his appeal, defendants were permitted to present ineffective assistance of counsel claims on direct appeal pursuant to *Commonwealth v. Bomar*, 826 A.2d 831 (Pa. 2003). Indeed, counsel did present a claim of trial counsel's ineffectiveness on direct appeal.[3] Because his PCRA appeal was not the first occasion for Thomason to present a claim of ineffective assistance of trial counsel, *Martinez* does not apply.[4]

6.      In the alternative, if the petitioner fails to demonstrate cause and prejudice for the default, the federal court may also consider a defaulted claim if the

---

[3] On direct appeal, Thomason claimed that trial counsel was ineffective for not arguing to the jury during his closing argument that it could find his client guilty of voluntary manslaughter.

[4] As previously discussed, Thomason argues that the Pennsylvania Supreme Court limited the scope of *Bomar* in *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013); however, the *Holmes* case post-dated Thomason's trial and direct appeal. Because Thomason was entitled to present his ineffectiveness claim on direct appeal, and he did so, his PCRA petition was not his first opportunity to present his ineffectiveness claim, thus *Martinez* does not apply.

petitioner can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 748. In order to satisfy the fundamental miscarriage of justice exception, the Supreme Court requires that the petitioner show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986)). To satisfy the "actual innocence" standard, a petitioner must show that, in light of new evidence, it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

7.   Thomason has failed to establish a miscarriage of justice because he has not set forth new evidence establishing his actual innocence.

8.   As in his other objections, Thomason's arguments regarding the denial of his claims on their merits simply rehash the arguments he presented to, and which were rejected by, Judge Perkin. The Report and Recommendation provides a well reasoned analysis of the facts and law. Consequently, I find no reason to re-litigate these issues.

Therefore, **I HEREBY ORDER** that:

1.   Petitioner's objections to the Report and Recommendation are overruled.

2.   The Report and Recommendation is **APPROVED and ADOPTED**.

3.   The petition for a writ of *habeas corpus* is **DENIED WITH PREJUDICE**.

4.   There is no probable cause to issue a certificate of appealability.

5.   The Clerk of Court shall mark this case closed for statistical purposes.

/s/ J. William Ditter, J.
J. WILLIAM DITTER, JR., J.

5